**Leon Sabra BLATT, Plaintiff—Appellant,**

v.

**Sgt. Sammy DEREZES, Officer; et al., Defendants—Appellees.**

No. 04–35965.

D.C. No. CV–01–00422–RSM.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Leon Sabra Blatt, Seattle, WA, pro se.

Stephen Powell Larson, Stafford Frey Cooper, Seattle, WA, for Defendants–Appellees.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM**

Leon Sabra Blatt appeals pro se the district court's summary judgment in favor

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of Seattle Police Officers in Blatt's 42 U.S.C. § 1983 action alleging his constitutional rights were violated when he was arrested in June 1998. We have jurisdiction under 28 U.S.C. § 1291. We review determinations regarding timeliness and excusable neglect for abuse of discretion, *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 824 (9th Cir.1996), and review the grant of summary judgment de novo, *id.* at 823. We affirm.

The district court concluded that Blatt's objections to the magistrate judge's report and recommendation were untimely and that Blatt failed to show excusable neglect. *See* Fed.R.Civ.P. 6(b) and 72(b); *High Desert*, 92 F.3d at 825. However, the district judge stated that he reviewed Blatt's untimely objections and "determined that none of the arguments presented by plaintiff would alter the Court's decision." Similarly, the magistrate judge stated that she reviewed Blatt's untimely opposition to the motion for summary judgment, but "that none of the evidence or arguments presented by plaintiff in his untimely response alter this Court's conclusion."

Even if Blatt's untimely filings are considered, summary judgment was proper. Blatt failed to raise a genuine issue of material fact sufficient to defeat summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Moreover, even if the police officers were mistaken in their assessment that they had lawful consent and probable cause, they were entitled to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ("If the law did not put the officer on notice that his conduct would be

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

clearly unlawful, summary judgment based on qualified immunity is appropriate.").

**AFFIRMED.**

**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Norberto LEON, Defendant—Appellant.**

No. 04–50154.
D.C. No. CR–03–00604–SJO–01.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.